IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARIA PRISCILLA PINA and | § | |
| JORGE HORACIO PINA, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIENDS FOR J.H.P.J., A MINOR | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION V-08-30 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Leave to Designate a Responsible Third Party. (Dkt. No. 10.) Plaintiffs have responded (Dkt. No. 13) and Defendants have replied (Dkt. No. 15). Having considered the motion, response, reply, and the relevant law, the Court determines that Defendant's motion should be GRANTED.

**Background**

Plaintiffs filed suit in April, 2008, alleging that due to the negligence of two maternity and obstetrical doctors, J.H.P.J., the child of Mr. and Mrs. Pina, was born with severe brain damage. The United States is the defendant in this action because the doctors are employees of the Community Action Council of South Texas, a Federally Qualified Health Center, which falls under the Federal Tort Claims Act. (*See* Dkt. No. 1 ¶ 4.) Defendant claims in its motion that Starr County Memorial Hospital is a responsible third party as the employer of two nurses who, Defendant argues, contributed to J.H.P.J.'s injuries. Defendant claims that had the nurses informed the on-call doctor, who was not at the hospital, of the situation that was emerging with Mrs. Pina and the yet-to-be-born J.H.P.J., he would have come to the hospital sooner than he did and taken action that would have

avoided J.H.P.J.'s injuries.

## Applicable Law

Defendant files its motion pursuant to Tex. Civ. Prac. & Rem. § 33.004. That section states, in relevant part:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> . . .
>
> (f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.
>
> (g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
>
>> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>>
>> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

## Analysis

Plaintiffs object to Defendant's motion on two grounds: lateness and a lack of evidence.

As to the timeliness of Defendant's motion, Plaintiffs argue that the case has proceeded so far along that the parties will have to scramble to do discovery and find experts reflecting the addition of a new party. The essence of Plaintiffs' objection is that "[t]he United States should not be granted leave to delay this case based upon information long before known to it and its employees." (Dkt. No. 13 at 3.) However, Defendant did file the motion more than 60 days before the trial date, as required by the Texas statute. Even if, as Plaintiffs argue, the deadline for filing is

procedural and thus a matter of federal law, Plaintiffs have not established what prejudice would result from a delay in this case. Thus, Defendant's alleged lateness is not a valid reason to deny the motion.

Plaintiffs also argue that there is no evidence implicating the nurses. While Defendant did not state any facts in its initial motion, as it probably should have, its reply contains more elaboration, including an excerpt from the deposition of one of the doctors. The upshot of the material provided is that Defendant has alleged that had the nurses acted differently, J.H.P.J.'s injuries could have been avoided. Plaintiffs also argue that Defendant has not presented any expert reports that establish the negligence of the nurses. Even if such expert reports are required to prove Defendant's contention, the standard on this motion is not one of proof but of pleading. *See* TEX. CIV. PRAC. & REM. § 33.004(g)(1). The Court believes that, considering the exhibits attached to Defendant's reply, Defendant has met the burden of pleading that the nurses, and thus Starr County Memorial Hospital, are at least partially responsible for Plaintiffs' injuries.

## Conclusion

For the foregoing reasons, Defendant's Motion for Leave to Designate a Responsible Third Party. (Dkt. No. 10) is GRANTED.

It is so ORDERED.

Signed this 31st day of August, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE